IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BETTY WARTER | ) |
| | ) |
| v. | ) NO. 3-14-1981 |
| | ) JUDGE CAMPBELL |
| VOLUNTEER TAXI INC., | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court is Defendant Abebe's Motion to Dismiss (Docket No. 43). For the reasons stated herein, Defendant Abebe's Motion is GRANTED, and Plaintiff's claims against Defendant Abebe are DISMISSED.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*

Matters outside of the pleadings are not to be considered by a court in ruling on a motion to dismiss unless they are referred to in the plaintiff's complaint and central to her claim or are public documents of which the court may take judicial notice. *See, e.g., Bank of America, N.A. v. Corporex Realty & Inv., LLC*, 875 F. Supp. 2d 689, 697-98 (E.D. Ky. 2012); *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 466 (6th Cir. 2014). The Court cannot consider matters outside the pleadings without converting the Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 12(d).

ANALYSIS

Plaintiff's claims arise from an incident involving her son on October 20, 2013, when he and others rode in a taxi cab owned by Defendant Volunteer Taxi, Inc. and driven by Defendant Abebe. Defendant Abebe asserts that Plaintiff's claims against him are barred by the applicable one-year statute of limitations for wrongful death and negligence actions. The parties disagree as to when Plaintiff's claim against Defendant Abebe accrued.

Defendant Abebe argues that Plaintiff's claims against him accrued on October 20, 2013. Plaintiff's claims against Abebe were not filed until the March 25, 2015 Amended Complaint, well past the one-year time period. Plaintiff claims, however, that she did not discover the identity of Defendant Abebe until March 17, 2015, when Defendant Volunteer Taxi disclosed the name of its driver.[1]

Although the applicable statute of limitations in this diversity action is governed by state law, the question of when the statute of limitations begins to run is determined by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Under federal law, the statute begins to run when the plaintiff knew or should have known of the injury which forms the basis of her claims. *Id*. A plaintiff has reason to know of her injury when she should have discovered it through the exercise of reasonable diligence. *Id.* at 501; *see also Cockrill v. Metropolitan Govt. of Nashville/Davidson County*, 2015 WL 136271 at * 3 (M.D. Tenn. Jan. 9, 2015). Thus, it is when Plaintiff knew of the *injury* that matters, not when she knew the identity of the taxi cab driver and alleged tortfeasor.

---

[1] The Court recognizes that this is not a case where the other Defendant alleged comparative fault of Defendant Abebe, thereby triggering Tenn. Code Ann. § 20-1-119, which provides that when a defendant alleges in an answer that a person not a party to the suit caused or contributed to the injury, the plaintiff may, within ninety days, amend the complaint to add the person as a defendant.

2

This Court has held that absent fraudulent concealment or misrepresentation, which are not alleged here, the statute of limitations begins to run on a tort claim when the plaintiff discovers his injuries, not when he correctly identifies the allegedly offending party. *Willis v. Wal-Mart Stores, Inc.*, 819 F.Supp.2d 700, 704 (M.D. Tenn. 2011). Similarly, this Court held, in a class action alleging "cramming" practices (unauthorized charges on consumer billing statements), that the statute of limitations began to run on the date the injury occurred, not on the date the party causing the injury was identified. *Wike v. Vertrue, Inc.*, 2008 WL 2704429 at * 5 (M.D. Tenn. July 3, 2008).

In *Schultz v. Davis*, 495 F.3d 289 (6th Cir. 2007), the Sixth Circuit found that the plaintiff was put on notice at the time of his fall that he was injured as a result of allegedly wrongful or tortious conduct, although he may not have known of the specific tortfeasors. In *Schultz*, the court held that the plaintiff could have determined the owner of the property on which he was injured, and his claims against the owner were time-barred. *Schultz,* 495 F.3d at 293.

In *Haynes v. Locks*, 711 F. Supp. 901 (E.D. Tenn. 1989), a products liability case, the court rejected the plaintiff's argument that the "Discovery Rule"[2] should apply to determining the identity of the manufacturer of a product. *Id.* at 903 (while plaintiff was attempting to identify the correct defendants in this cause, the statute of limitations was not tolled).

In a more recent case, the Sixth Circuit Court of Appeals held that the statute of limitations is not tolled while a plaintiff attempts to identify the correct defendants. *Dowdy v. Prison Health*

---

[2] Under the "Discovery Rule," applicable in tort actions, the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, the injury should have been discovered. *Wagner v. Int'l Automotive Components Group North America, Inc.*, 2015 WL 5512899 at * 5 (M.D. Tenn. Sept. 16, 2015) (citing *Schultz* at 292).

*Servs.*, 2001 WL 1355623 at \*\* 2 (6th Cir. Oct. 26, 2001) (citing *Haynes*). *Dowdy* was a civil rights action.

This Court stated in *Wagner v. Int'l Automotive Components Group North America, Inc.*, 2015 WL 5512899 at \* 5 (M.D. Tenn. Sept. 16, 2015), that the Discovery Rule only serves to change a statute of limitations where there is a delay in the discovery of the actual injury. In *Wagner*, the plaintiff contended that the accrual of the cause of action under the Discovery Rule hinges on the identification of the tortfeasor as well as the date the plaintiff became aware of the injury. The Court, rejecting that argument, stated: "this is a vastly expansive reading of the discovery rule that is not supported by the case law." *Wagner* at \* 5.

The Sixth Circuit stated, in *IFC Nonwovens, Inc. v. Owens-Corning Fiberglas Corp.*, 1993 WL 272445 at \* 2 (6th Cir. July 19, 1993), that the statute of limitations is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred. *Id*. Citing *Haynes*, the court held that while the plaintiff was attempting to identify the correct defendants, the statute of limitations was not tolled. *Id*.

Although there are cases to the contrary,[3] the Court will follow its prior ruling and the reasoning of the above cases. Plaintiff's claims against Defendant Abebe are time-barred. Plaintiff's arguments concerning her inability to discover the name of the taxi cab driver, even if the Court could consider them on a Motion to Dismiss, are not persuasive, since it is the discovery of her *injury* which is relevant, not the discovery of the tortfeasors.

---

[3] *See, e.g., Foster v. Harris*, 633 S.W.2d 304 (Tenn. 1982) (source of plaintiff's injury not apparent at the time of injury); *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436 (Tenn. 2012) (alleged fraudulent concealment).

For these reasons, Defendant's Motion to Dismiss (Docket No. 43) is GRANTED, and Plaintiff's claims against Defendant Abebe are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE